J-A13041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.A.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: B.H. JR., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 276 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000484-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: A.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: B.H. JR., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 277 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0002258-2016

| | | |
|---|---|---|
| IN THE INTEREST OF: B.L.H. JR., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: B.H. JR., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 278 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000483-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: B.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A13041-21

|  |  |  |
|---|---|---|
|  | : | |
|  | : | |
|  | : | |
| APPEAL OF: B.H. JR., FATHER | : | |
|  | : | |
|  | : | |
|  | : | |
|  | : | No. 279 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0002257-2016

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:                    **FILED JUNE 22, 2021**

Appellant, B.H., Jr. ("Father"), files these consolidated appeals from the decrees entered January 25, 2021, in the Philadelphia County Court of Common Pleas, granting the petitions of the Philadelphia Department of Human Services ("DHS") to involuntarily terminate Father's parental rights to his minor, male child, B.L.H., Jr. a/k/a B.H., born in April 2011, and his minor, female child, A.A.H. a/k/a A.H., born in April 2012 (collectively, "the Children"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b).  Father further appeals from the orders entered January 25, 2021 changing the Children's permanent placement goal to adoption pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6351.[1]

_____

* Former Justice specially assigned to the Superior Court.

[1] The children's mother, N.B.'s ("Mother"), parental rights were terminated by separate decrees entered the same date.  Mother did not appeal these decrees or the goal change orders.

- 2 -

Subsequent to an adjudication of dependency in January 2017, DHS filed petitions for the involuntary termination of parental rights and for a goal change on December 28, 2020. The court conducted a combined termination/goal change hearing on January 25, 2021, which was conducted virtually due to the COVID-19 pandemic.

Father was present virtually with his counsel and the Children were represented by a guardian *ad litem* and counsel, also referred to as a child advocate. DHS presented the testimony of Tawanda Sewell, Community Umbrella Agency ("CUA") Case Manager; and Maternal Grandmother, A.B. DHS further presented Exhibits DHS-1 through DHS-4 which were marked and admitted. Additionally, Father testified on his own behalf.

At the conclusion of the hearing, the court terminated Father's parental rights and changed the Children's permanent placement goals to adoption. By separate decrees and orders entered January 25, 2021, the court memorialized these findings.

Thereafter, on January 31, 2021, Father, through appointed counsel, filed timely notices of appeal, along with concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Pursuant to motion filed March 12, 2021, this Court consolidated Father's appeals on March 15, 2021.

On February 26, 2021, the court filed a Notice of Compliance with Rule of Appellate Procedure 1925(a). **See** Trial Court's Notice of Compliance with Rule of Appellate Procedure 1925(a), 2/26/21. The court stated, in part, "The

trial court's primary statements regarding the termination of parental rights appears after argument from counsel. . . ." *Id.* at 1 (unpaginated). The court continued, "Furthermore, this [c]ourt addressed the determination that it is in the best interest of the Child[ren] for a Goal Change to Adoption." *Id.*

Following broad reference to the record, including witness testimony and exhibits presented, the court further stated, "To the extent that the Pennsylvania Superior Court believes that the trial court's statements on the record do not adequately address any issue on appeal, the trial court will submit a supplemental opinion upon remand." *Id.* at 1-2.

We remand the appeal to the trial court for it to file with this Court, within thirty days, a Pa.R.A.P. 1925(a) opinion providing the reasons for its decision to involuntary terminate Father's parental rights and change the Children's permanent placement goal. We further direct the trial court to address the issue raised by Father in his Rule 1925(b) Statement related to the actions of the child advocate, which he claims were violative of *In re Adoption of L.B.M.*, 639 Pa. 428, 161 A.3d 172, 175, 180 (2017) (plurality).

Appeals remanded for the trial court to file an opinion with this Court within thirty days. Jurisdiction retained.

Judge Dubow did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2021